UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL JAMES BETTS,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>RENEE BAKER, et al.,<br>　　　　　　　　　　Respondents. | Case No. 3:11-cv-00422-MMD-WGC<br><br>ORDER |

　　　This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

　　　On February 27, 2014, the Clerk of Court served petitioner with an order at his address of record, at Southern Desert Correctional Center. (Dkt. no. 37.) On March 10, 2014, the order was returned to the Court as undeliverable; markings on the envelope indicate that the order was not deliverable because petitioner has been released from the custody of the Nevada Department of Corrections. (Dkt. no. 38.) Petitioner has not notified the Court of a new address.

　　　Rule LSR 2-2 of the Local Rules of Special Proceedings and Appeals provides:

> The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice.

　　　District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . .

dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza*, 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of

2

dismissal discussed herein. Finally, there is no less drastic alternative, because if petitioner fails to receive this Court's orders due to his failure to inform the Court of his current address, he is unable to comply with the Court's orders. In view of petitioner's failure to keep the Court informed of his address, as required by LSR 2-2, the Court dismisses this action without prejudice.

It is therefore ordered that this action is dismissed without prejudice based on petitioner's failure to update his address with the Clerk of Court and opposing counsel, pursuant to LSR 2-2.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 15th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE